# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50998
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

RAMIRO DIAZ-ORTIZ, also known as Jose Rangel Ididro, also known as Jose Isidro Rangel-Romero, also known as Isidro Rangel,

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-232

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ramiro Diaz-Ortiz challenges the substantive reasonableness of his 12-month revocation sentence. We review his sentence under the plainly unreasonable standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Although Diaz-Ortiz argues that this standard is incorrect, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acknowledges that this argument is foreclosed and he raises it only to preserve the issue for further review.

At the revocation hearing, the district court acknowledged Diaz-Ortiz's arguments. The district court expressed its concern with his four prior reentries following deportation, the speed with which he returned to the United States after his most recent departure, and his use of numerous aliases, false birth dates, drugs, and alcohol. These reasons echo the relevant sentencing factors under 18 U.S.C. § 3553(a), particularly the need to deter future criminal conduct and protect the public from further crimes by Diaz-Ortiz, as well as the kinds of sentences available generally and for Diaz-Ortiz's situation in particular. *See* § 3553(a)(2)-(5).

We find no indication in the record that the district court failed to account for a factor that should have received significant weight, gave such weight to an improper factor, or clearly erred in balancing the relevant sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Diaz-Ortiz has failed to overcome the presumption of reasonableness accorded his sentence. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). The judgment of the district court is AFFIRMED.